12 CV 01922

United States District Court
Southern District of New York

Shateek Amin Bilal,

Plaintiff,                                    Complaint

v.

Department of Corrections and community      42 U.S.C. § 1983
services; Brian Fischer; Phillip D. Heath;
F.N.U Conklin; John Doe #1; William Lee;     A.D.A. Title II
John Doe #2; John #3; Terry L.N.U;
Kathy L.N.U; Jane Doe #1; f.N.U. Soltich(phonetics);   Section 504 of the
George L.N.U; f.N.U. Afrish(phonetics); f.N.U.   Rehabilitation act.
Bentivegna; John Doe #4; John Doe #5; f.N.U.
Bhopale; Fredereck Bernstein; Jane Doe #2,   Jury Trial Demanded.

Defendants.

I. Complaint

1. Plaintiff, Shateek amin Bilal, Pro-se, for his complaint states as
follows:

II. Parties, Jurisdiction and venue

2. Plaintiff Shateek Amin Bilal is confined in Greenhaven
correctional facility, Located at P.O. Box 4000, Stormville,
New York 12582.

-1-

3. Plaintiff Shateek Amin Bilal was and at all times mentioned herein, An Adult citizen of the United States and a Resident of the State of New York.

4. Defendant Brian Fischer, commissioner of the Department of Corrections, was at all relevant times herein the custodian of the Plaintiff, with the Responsibility for operating and maintaining, detention, Penal and correctional Institutions within the State of New York, Including Sing-Sing and Greenhaven correctional facility. Sued in individual & official capacity.

5. Defendant Phillip D. Heath was at all times Relevant the "Superintendent" of Sing-Sing Correctional facility. As Superintendent of the Prison, Defendant manages its day to day operations and executes its Policies. Sued in individual & official capacity.

6. Defendant F.N.U. Conklin was At all times Relevant herein a Registered Nurse. Sued in individual & official capacity.

7. Defendant John Doe #1 was at all times Relevant herein a Registered Nurse. Sued in individual & official capacity.

8. Defendant William Lee is and was at all Relevant times the Superintendant of Greenhaven Correctional facility. As Superintendant of the Prison, Defendant manages its day to day operations and executes its Policies. Sued in Individual & official capacity.

9. Defendant John Doe #2 is/was at all times Relevant Herein employed as a Registered Nurse. Individual capacity.

10. Defendant John Doe #3 is/was at all times Relevant Herein employed as a Registered Nurse. Individual capacity.

11. Defendant Terry L.N.U is/was at all times Relevant Herein employed as a Registered Nurse. Individual Capacity.

12. Defendant Kathy L.N.U. Is/was at all times Relevant Herein employed as a Registered Nurse. Individual Capacity.

13. Defendant Jane Doe #1 is/was at all times Relevant Herein employed as a Registered Nurse. Individual capacity.

14. Defendant F.N.U. Soltich is/was at all times Relevant Herein employed as a Registered Nurse. Individual capacity.

15. Defendant George L.N.U is/was at all times Relevant Herein employed as a Registered Nurse. Individual Capacity.

16. Defendant F.N.U. APRish is/was at all times Relevant Herein employed as a Doctor. Individual capacity

17. Defendant F.N.U. Bentivegna is/was at all times Relevant Herein employed as a Doctor. Individual capacity

18. Defendant John Doe #4 is/was at all times Relevant Herein employed as a doctor. Individual capacity.

19. Defendant John Doe #5 is/was at all times Relevant Herein employed as a doctor. Individual capacity.

20. Defendant F.N.U. Bholala is/was at all times Relevant Herein employed as a doctor. Individual Capacity.

21. Defendant Frederick Bernstein is/was at all times Relevant Herein employed as a doctor. Individual Capacity.

22. Defendant Jane Doe #2 is/was at all times Relevant Herein employed as an inmate grievance coordinator. Individual capacity.

23. This action arises under and is brought Pursuant to 42 U.S.C. Section 1983, The Americans with Disabilities Act and section 504 of the Rehabilitation act, to Remedy the deprivation, under color of state Law, of Rights guaranteed by the first, Eighth and Fourteenth amendments to the United States Constitution. This court has Jurisdiction over this action Pursuant to 28 u.s.c Section 1331.

24. This cause of action arose in the Southern District of New York. Therefore, venue is Proper under 28 u.s.c Section 1391(H)

-4-

## III. Exhaustion of Administrative Remedies

25. The Plaintiff has used the inmate grievance Program to exhaust his administrative Remedies.

## IV. Statement of Claim

26. Plaintiff Reallege and incorporate by Reference Paragraphs 1 through 25 herein.

27. At All Relevant times herein, defendants were "Persons" for purposes of 42 U.S.C. Section 1983 and acted under color of state Law to deprive Plaintiff of his constitutional Rights, as set forth more fully below.

## V. Nature of the Action

28. Plaintiff, Shateek Amin Bilal, suffers from epilepsy, a serious and disabling medical condition that commonly subjects those who suffer from that disability to seizures that could cause them serious bodily INJURY. Individuals who suffer from epilepsy can take easily - administered medication which — when taken Regulary — can Prevent or minimize the onset of potentially debilitating seizures.

29. At all times Relevant to the Action, MR. Bilal was INCARCERATED IN CORRECTIONAL facilities, and thus ENTRUSTED to the care of the defendants. As a Result, MR. Bilal was completely Reliant on those defendants, their Personnel and medical PROviders for his medical care. Plaintiff had NO ability to seek alternative treatment or other avenues of medical care even if deliberately or Recklessly denied PROPER care.

30. IN wanton and callous disRegard for MR. Bilal's safety and without Justification or excuse, in July 2010, defendants withheld from MR. Bilal, in violation of his constitutional and statutory Rights, any access to the medication that could have Protected him from the onset of dangerous seizures. As a Result of defendants' misconduct, MR. Bilal suffered one or more seizures, Resulting in serious LONG-teRm INJURY, Humiliation and ONGOING Pain. His INJURIES INCLUDED Previous injury Reaggravation and severe back Pain. MR. Bilal seeks compensation and damages for those INJURIES. IN addition, MR. Bilal fears that, absent Redress and a decree of this court eNJOINING defendants from future similar behavior, he would again be subject to similar mistreatment and abuse.

31. In July 2010, defendants denied Mr. Bilal access to his daily regimen of epilepsy medication in deliberate indifference to his medical needs. As a result of this denial, on July 15, 2010.

32. Defendants and certain of their contractors and employees all were subjectively aware of Mr. Bilal's serious medical condition and had a duty to provide him with his necessary epilepsy medication. Although defendants were aware of, or recklessly ignored that, by withholding his medication, they subjected Mr. Bilal to grave danger of suffering a seizure, defendants nevertheless deliberately disregarded their duty to provide him with that medication. Defendants' flagrant disregard for Mr. Bilal's serious medical needs amounted to at least criminal recklessness and constituted cruel and unusual punishment as prohibited by the Eighth Amendment to the United States Constitution, as applied to the states under the Fourteenth Amendment.

33. Mr. Bilal's epilepsy qualifies him as disabled under the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act. The failure of the defendants and their employees and contractors, to take even the most basic steps to ensure that Mr. Bilal's necessary epilepsy medication was transferred and/or provided to him upon arrival at Greenhaven Correctional facility, discriminated against Mr. Bilal solely because of his epilepsy and denied him the benefit of their pharmaceutical dispensary

programs and other necessary accommodations for for his disability.

34. None of the defendants afforded the Plaintiff his medication.

## VI. Facts

35. Plaintiff suffers from epilepsy, a serious medical condition, which requires him to adhere to a strict medication regimen to prevent debilitating seizures. He has suffered from this condition since childhood.

36. An epileptic seizure can be violent and utterly disorienting event. Individuals gripped by an epileptic seizure often will lose consciousness, cry out, fall to the ground and convulse violently. Seizures present a grave risk of serious injury, particularly in confined or cluttered spaces, and both medical professionals and lay-persons consider epileptic seizures to be medical emergencies.

37. Mr. Bilal must take Delakote, an anti-seizure medication, in order to prevent seizures. Taking anti-seizure medication significantly reduces the risk of a seizure. Upon information and belief, to work effectively, the amount of anti-seizure medication in Mr. Bilal's blood stream must remain within a certain range. If the amount of that medication falls outside this range Mr. Bilal would be at risk of experiencing a seizure.

38. Upon information and belief, at all times relevant, MR. Bilal was under doctor's orders to take his anti-seizure medication every day. Defendants were aware of and recklessly disregarded MR. Bilal's need for daily anti-seizure medication.

39. As an inmate, MR. Bilal is entirely dependent on the correctional facilities where he is housed and the staff of those correctional facilities for his epilepsy medication. If those facilities do not provide him with his medication, he has no alternative way of securing it. He is constantly vulnerable, therefore, to the risk of reckless medical procedures or deliberate indifference to his medical needs.

<u>July 2010 Transfer to Green Haven Correctional facility</u>

40. On July 7, 2010 Defendant F.N.U. Conklin R.N. 327 made entry in Plaintiffs Ambulatory Health Record Progress Note (medical Records) that Plaintiff had been on an outgoing Draft and Listed Plaintiffs medical issues To wit: History of seizure.

41. On July 8, 2010 Plaintiff was Transfered to Green Haven correctional facility without his medications being forwarded.

42. Upon Information and belief Defendant F.N.U. Coughlin R.N. 327 and Defendant John Doe #1 had a Duty to forward Plaintiffs medication for his epilepsy to Greenhaven correctional facility.

43. Mr. Bilal did not Receive his Anti-seizure Medication Prior to his transfer.

44. Shortly after Plaintiffs Arrival at Greenhaven correctional facility the Plaintiff was placed in the Special Housing Unit.

July 8, 2010  Greenhaven Corr. facility Medical screening.

45. Upon Plaintiffs arrival in the Special Housing Unit Defendant John Doe #2 conducted Plaintiffs Health Screening for Intrasystem transfer and Medical assessment.

46. Plaintiff Informed John Doe #2 R.N. that He had a seizure disorder and all the medications he'd been using.

47. Defendant John Doe #2 R.N. Just Noted it and took Plaintiffs vital signs and filled out Paperwork.

48. John Doe #3 failed to Review Plaintiffs medical Records within twenty-four (24) Hours and Providing both medical care and treatment. In deliberate or Reckless disregard John Doe #3 failed to take any steps to ensure that Mr. Bilal would Receive his medication during his stay at Greenhaven.

49. Because MR. Bilal was concerned that he would not Receive his anti-seizure medication so he asked John Doe #2 to make sure he receives his medication. He was told by John Doe #2 that, "that ain't my job."

50. MR. Bilal understood this to mean that John Doe #2's job was to just screen and his anti-seizure medication would be given out Later that evening by some other medical personnel.

51. MR. Bilal alleges that in deliberate or Reckless disregard for MR. Bilal's specific Request to medical personnel John Doe #2 failed to take any steps to ensure that MR. Bilal would Receive his medication during his stay at GreenHaven correctional facility.

52. On July 8, 2010 John Doe #2 failed to Provide him with any anti-seizure medication.

## Repeated and deliberate failure to Provide Anti-seizure Medication

53. On the morning of July 9, 2010, MR. Bilal went to his cell bars at approximately 8:15 am. During the special Housing unit medication Run.

54. I informed Nurse "TERRY L.N.U"(Cacasian female w/Glasses) During medication Delivery that I am in need of my Anti-seizure medication.

55. She said that there was none for me. She said that she will check. I asked her to Please do because I've had seizures when I went without my anti-seizure medication.

56. On the evening of July 9 2010, at approximately 6:35 P.M. MR. Bilal informed Nurse Kathy (cacasian w/Glasses) that he needed his medication and hasn't received them.

57. MR. Bilal informed Nurse Kathy that He could suffer a seizure if he were denied his Anti-seizure medication.

58. Nurse Kathy said "I'LL check but You're not in the books for up here."

59. Although she was aware that a seizure would cause MR. Bilal serious harm, and that she was the only source from whom MR. Bilal could receive his Anti-seizure medication that day Nurse Kathy nevertheless refused to make the requested inquiry.

60. During the morning of July 10, 2010 Mr. Bilal spoke to Jane Doe #1 in another attempt to obtain his anti-seizure medication.

61. Mr Bilal informed Jane Doe #1 that He needed his anti-seizure medication. Jane Doe #1 said she did not Have nothings for me but she'll check.

62. I told her that "I haven't had it since I've been here" (At Green Haven). and in the Past I had seizures without it.

63. Although she was aware that a seizure would cause Mr. Bilal serious harm and that she was the only source from whom Mr. Bilal could Receive his anti-seizure medication that day, she nevertheless failed to provide Mr. Bilal with his anti-seizure medication.

64. On the evening of July 10, 2010 at approximately 5:30 — 6: P.m. Mr. Bilal made another attempt to obtain his anti-seizure medication from F. N. U. Solstich (Phonetics) (Corcausian w/glasses). I informed her that I hadn't Received them since my transfer.

65. Nurse Solstich said she will check. Mr. Bilal Had No choice but to await further notification.

66. She nor any other Greenhaven medical personnel gave Mr. Bilal his anti-seizure medication.

67. On the morning of July 11, 2010 at approximately 9:30 am. - 10:00 am Mr. Bilal again sought to obtain his anti-seizure medication from Nurse George L.N.U. (white male w/ goatee).

68. I informed Nurse George L.N.U that I have been without my seizure & pain meds since I left Sing-Sing and I have had seizures in the past without it.

69. Nurse George L.N.U. never returned with Mr. Bilal's medications nor did any other medical personnel.

70. On July 11, 2010 at approximately 5:40 P.M. Mr. Bilal attempted to obtain his medications by informing Nurse Kathy L.N.U. of his need for anti-seizure medication and his pain medication.

71. I informed her that I've suffered seizures in the past when I went without it. I was told that "I'll check."

72. She nor any other medical personnell provided Mr. Bilal with his anti-seizure or pain medication.

73. On July 12, 2010 at approximately 8:15 am. Mr Bilal again sought to obtain his anti-seizure and pain medication.

74. Mr. Bilal spoke to Dr. Alrish (phonetics) (white male w/glasses) about my seizure & headache/pain meds.

75. I also spoke to him in regards to some cream for my Athletes feet.

76. Dr. Alrish said he will check on the meds and send the cream up.

77. Mr. Bilal was not given any anti-seizure or pain medications by any Greenhaven correctional facility medical personnel on July 12, 2010.

78. During the morning of July 13, 2010, upon information and belief Mr. Bilal spoke to Dr. Bentivegna in an attempt to secure my anti-seizure medication and pain medications.

79. Dr. Bentivegna said that according to the medical problem list I don't have seizures.

80. I told him to re-check because I needed my medication. I haven't had them since my arrival from sing-sing. He said that he can't help me no more than he already has.

81. Upon information and belief Defendant John Doe #4 DR. who MR. Bilal thinks was Bentineena was spoken to during the morning rounds in the Special Housing Unit on July 14, 2010.

82. MR. Bilal again sought to obtain his anti-seizure and pain medications.

83. John Doe #4 was informed by MR. Bilal that he hadn't received his Anti-seizure medication or pain medications since his Transfer from Sing-Sing Correctional facility.

84. John Doe #4 said seizures wasn't listed IN MY Problem List so It's nothing that could be done for me I pleaded but he said he couldn't assist me.

85. On the morning of July 15, 2010, MR. Bilal again attempted to obtain his anti-seizure and pain medications during the A.M. Rounds IN the Special Housing unit.

86. MR. Bilal was told by John Doe #4 that since seizures weren't listed in his medical Problem List he couldn't help him and stop asking him.

87. He did state that He will check on the pain medication.

89. That evening MR. Bilals Anti-seizure medication was delivered to him by medical personnel.

90. Shortly thereafter MR. Bilal suffered one or more seizures in his cell.

91. Upon information and belief GreenHaven correctional facility medical personnel responded to Bilal's cell and transported him to the Prison Hospital where he was admitted for overnight observation.

92. Defendant John Doe #5 upon information and belief had the responsibility to add MR. Bilal's seizure Disorder to the Medical Problem List.

93. In contrast to MR. Bilal's position, the Individual Defendants had ready access to the information and other Resources necessary to confirm MR. Bilal's urgent need for, and to Provide to him, with Anti-seizure medication. Indeed all they had to do to achieve those objectives was to Review his medical Records or Pick up the Phone. Their consistent Refusal to do so violated not only MR. Bilal's constitutional and statutory Rights, but fundamental Principles of common decency. They acted out of Purposeful and deliberate indifference, and, in some cases, outright scorn, towards MR. Bilal's obvious and serious Plight.

94. Shortly after seeing my health care Provider Defendant DR. Bholale my Anti-seizure medication was discontinued without Justification or Review of my medical Records.

95. He stated that Mr. Bilal don't have seizures on your medical Problem List you have Psych Issues.

96. He further stated that I'm taking Defakote for Psych Reasons not for Seizures.

97. Mr. Bilal immediate wrote Defendant Bernstein, the facility Health Services doctor and told him that Defendant Bholale Discontinued my medication on or About October 5, 2011 and that I Request they be Restored and my Provider be changed.

98. Jane Doe #2 the Inmate Grievance coordinator who filed Mr. Bilal's Grievance. Mr. Bilal Requested Pursuant to Policy that his Grievance be treated as an emergency.

99. Jane Doe #2 did not treat the Grievance as such which Resulted in Mr. Bilal's subsequent seizure or seizures.

100. DR. Frederick Bernstein Refused to Recognize and acknowledge the severity and dangerousness of MR. Bilal's condition.

101. MR. Bilal sought medical Attention from the medical staff consistently to no avail.

102. UPON information and belief on October 18, 2011 MR. Bilal experienced one or more seizures and was Admitted to the Hospital.

103. MR. Bilal has consistently been Prescribed medication for the serious injuries he suffered as a Result of his seizures that he experienced.

104. MR. Bilal had also been in constant Pain since the Date of the incidents complained of.

<u>MR. BiLaL's INJURIES</u>

105. As a Result of his denial of Pain medications MR. Bilal was forced to endure excrutiating Back Pain and Migraine Headaces which had been exacerbated.

106. DuRing the seizure MR. Bilal Re injured his back and has been Prescribed medication ever since the July 2010 & October 2011 incidents. He's been Prescribed a back brace.

-19-

## First Cause of Action

Deliberate Indifference to an Inmates Medical Needs In Violation of the Eighth and Fourteenth Amendments. (As to Defendants Conklin, John Doe#1, John Doe#2, John Doe#3, Terry L.N.U., Kathy L.N.U, Jane Doe#1, F.N.U. Soltich (Phonetics), George L.N.U, F.N.U. Afrish (Phonetics), F.N.U. Bentisveena, John Doe#4, John Doe#5, F.N.U Bholale, Frederick Bernstein, Jane Doe#2)

107. Plaintiff incorporates by reference the allegations in paragraphs 1 through 106 as if fully set forth herein.

108. Each of the Individual defendants deprived Plaintiff of rights secured to him under the United States Constitution.

109. Epilepsy is a serious medical condition.

110. The individual defendants were subjectively aware that Mr. Bilal suffered from this serious medical condition.

111. Defendants acted with deliberate indifference or reckless disregard towards Mr. Bilal's serious medical needs by failing or refusing to take the steps necessary to ensure that Mr. Bilal received his anti-seizure medication.

112. In Depriving the Plaintiff of these Rights, the individual defendants acted under color of state Law. This deprivation is actionable and may be Redressed by 42 u.s.c § 1983.

## Second cause of Action
### Violation of the Americans with Disabilies act
(As to Defendant Department of Correction and Community Services)

113. Plaintiff incorporates by Reference the allegations in Paragraphs 1 through 112 as if fully set forth Herein.

114. MR. Bilal suffers from epilepsy, which substantially impairs a number of basic and major Life Activities and is therefore a Qualifying disability under the Americans with Disability act ("ADA").

115. MR. Bilal is Qualified to Receive the services and benefits of the institutional defendants' Relevant Programs and Processes, including those for the Provision of medication to inmates. MR. Bilal, However, was excluded from Receiving the benefit of those Programs and services solely by Reason of his disability.

116. The Institutional Defendant failed to take steps necessary to ensure that MR. Bilal could Receive the Anti-seizure Medication to which he was unquestionably entitled and which should have been Readily available to him. To the

contrary, the Institutional Defendants enacted and implemented policies and practices that prevented Mr. Bilal from receiving his anti-seizure medication, and discriminated against him solely on the basis of his disability. Altering their policies and practices to ensure the provision of necessary medication to inmates would not impose any undue hardship on the operation of their business, and would be a reasonable, indeed, indispensable accomodation.

117. Given the Institutional Defendants' callous and complete indifference to Mr. Bilal's condition and rights, there is a significant likelihood that defendants would once again deprive Mr. Bilal of his medication if he were to be incarcerated and or transferred by DOCCS, and thereby subject Mr. Bilal to the risk of serious injury. Accordingly, Mr. Bilal requests that the Court issue an order enjoining the Institutional Defendants from continuing their unconstitutional and discriminatory policies and practices governing and relating to medical care provided to inmates to ensure that Mr. Bilal would receive the medication to which he is entitled, while in care of the Institutional Defendants.

## Third Cause of Action
## Violation of the Rehabilitation act
(As to the Defendant Department of Correction and community Service)

118. Plaintiff incorporates by reference the allegations in paragraphs 1 through 117 as if fully set forth herein.

119. Mr. Bilal suffers from epilepsy, which substantially impairs a number of basic and major life activities and therefore is a qualifying disability under Section 504 of the Rehabilitation act.

120. Defendant Department of Corrections and community services is a public entity that, upon information and belief, receive federal funding.

121. Given defendants' callous and complete indifference to Mr. Bilal's condition and rights, there is a significant likelihood that the Institutional Defendants would once again deprive Mr. Bilal of his medication if he were to be incarcerated and or transferred, and thereby subject Mr. Bilal to the risk of serious injury. Accordingly, Mr. Bilal requests that the Court issue an order enjoining the Individual defendants from continuing their unconstitutional and discriminatory practices governing and relating to medical care provided to inmates under their supervision, authority or control to ensure that

MR. Bilal would Receive the medication to which he is entitled while in the Institutional Defendants' care.

### Prayer for Relief

Wherefore, Shateek Amin Bilal Respectfully Requests the following Relief:

A. awarding to Plaintiff compensatory damages on all causes of action, for his physical injuries, pain and suffering, and other harms, in an amount to be determined at trial for violation of Plaintiff's constitutional and statutory;

B. awarding to Plainff punitive damages on all causes of action in an amount to be determined at trial for violation of Plaintiff's constitutional and statutory Rights;

C. temporarily, preliminarily and permanently enjoining defendants from continuing their unconstitutional and discriminatory policies, and practices as they relate to MR. Bilal, and requiring them to Reform the policies and practices governing and relating to medical care provided to inmates under their supervision, authority or control so as to ensure that MR. Bilal would Receive while in defendants' care the medication to which he is entitled;

D. awarding to Plaintiff his attorney's fees, costs and disbursements; and

E. awarding to Plaintiff such further relief as this Court may deem just and proper.

Dated: Stormville, New York
       March 7, 2012

I declare under the penalty of perjury that foregoing is true and correct.

Respectfully Submitted,
Shateek Bilal
Shateek Bilal
Plaintiff Pro-Se
GreenHaven Correctional facility
P.O. Box 4000
Stormville, N.Y. 12582-4000

I Declare under Penalty of Perjury that the foregoing is true and correct.

Executed on March 7, 2012

Shateek Bilal

-25-